GIBBONS v. BRANDT et al.

No. 43 C 696.

District Court, N. D. Illinois, E. D.

Jan. 16, 1947.

John H. Gately, of Chicago, Ill., for plaintiff.

Lord, Bissell & Kadyk, C. H. G. Heinfelden, Russell Greenacre, Martin, Ullmann & Brown and Bruce E. Brown, all of Chicago, Ill., for defendants.

BARNES, District Judge.

Mary Gibbons, the plaintiff in this case, on December 1, 1942, recovered a judgment in her favor in the Circuit Court of Cook County, Illinois, in the sum of $12,000 and costs against one John Cannaven, as damages arising out of an assault on plaintiff resulting from Cannaven's sales of intoxicating liquors to intoxicated persons who were patrons of Cannaven's establishment at 1225 East 63rd Street, Chicago, Illinois. No part of said judgment has been satisfied. John Cannaven was, at the time of said assault, the lessee of the premises located at 1225 East 63rd Street, Chicago. The premises were used exclusively for the sale of alcoholic beverages and intoxicating liquors. The defendants here, who were at the time of said assault and now are, the owners of the premises so occupied by Cannaven, knowingly permitted the building on said premises to be used and occupied by Cannaven for said purposes at said time. The purpose of this suit is to subject the premises which were so occupied by Cannaven to the payment of plaintiff's judgment.

The case has been heard, briefs have been filed, and the cause has been argued and now stands for decision.

The defendants have presented their contentions in their briefs and in their oral arguments under three headings:

1. "In a suit under Article VI, Section 15, of the Illinois Dram Shop Act (Ill.Rev. Stat.1945, Ch. 43, Sec. 136), to enforce a judgment previously recovered under Article VI, Section 14 of said act, (Ill.Rev. Stat.1945, Ch. 43, Sec. 135), against the building or premises which were devoted to the sale of alcoholic liquor, it is a defense that the judgment was recovered by fraud."

2. "In a case such as the present one, in which a judgment is sought to be used against persons who either were not parties to the judgment, or had no opportunity to defend in the action in which the judgment was entered, the right to attack the judgment collaterally for fraud extends to fraud as to matters submitted to the jurisdiction of the court which entered the judgment, and is not limited to fraud as to matters affecting the jurisdiction of said court."

3. "Plaintiff's right, if she ever had such a right, to enforce the Cannaven judgment against real estate owned by the defendants, is limited to the building in which Cannaven supposedly sold the alcoholic liquor which caused or contributed to the supposed intoxication of the man who allegedly struck plaintiff. That building having been destroyed by fire, or damaged to such extent as to lose its identity, the plaintiff cannot enforce the Cannaven judgment against any real estate of the defendants herein."

Upon the trial of this case the defendants offered in evidence the transcript of the proceedings on the trial of the case of Gibbons v. Cannaven. They also produced certain oral testimony and documentary evidence. From the evidence submitted it must be inferred that there was some false swearing on behalf of the plaintiff on the trial of the case of Gibbons v. Cannaven, and from such evidence it may reasonably be inferred, and perhaps should be inferred, that such false swearing constituted perjury. Plaintiff denies that there was any false swearing of consequence but further says that even though there were false swearing or perjury on behalf of the plaintiff yet that false swearing or perjury related to the extent of the injuries of the plaintiff and accordingly it related to a matter submitted to the Circuit Court of Cook County for determination and that matter cannot be re-examined here. The defendants say, in brief, that the perjury constituted a fraud directed not only against Cannaven but against the defend-

44

ants, that they were not parties to the action of Gibbons v. Cannaven and therefore had no opportunity to defend against said perjury.

■ The court has examined all of the cases to which its attention has been directed, and, having done so, is of the opinion that the defendants cannot, in this suit, be permitted to avail themselves of the false swearing or perjury. There is no charge that Cannaven colluded with Gibbons, and, accordingly, it must be assumed that Cannaven made the best defense which it was possible to make in the action in the Circuit Court of Cook County, and that he presented all the evidence which, with due diligence, could then be procured on the question of the extent of Gibbons' injuries. Certainly, the question of the extent of Gibbons' injuries was submitted for decision to the Circuit Court of Cook County and that court made a decision thereon which this court holds to be binding upon the defendants in this case. The matter is not entirely free from doubt, but it has had thorough consideration and this court cannot make a better resolution of the matter.

■ The court is of the opinion that it was the purpose of the Legislature to subject the entire premises to the payment of the unpaid portion of any judgment which might be rendered in accordance with the statute, and that the mere fact that the building in which the injuries were sustained has been destroyed and has been replaced by a new structure does not alter the liability of the premises, including the new structure, for the payment of the unpaid portion of the judgment.

Counsel for plaintiff may present drafts of findings of fact, conclusions of law and a judgment order not inconsistent with the views herein expressed.

### Decree

This cause coming on to be heard upon the Complaint as amended of Mary Gibbons, and the amended Answer thereto of Hugo E. Brandt and Ruth E. Brandt, and after a trial upon the merits, argument of counsel, and the submission of briefs, the Court finds:

1. That the plaintiff, Mary Gibbons, on December 1, 1942, recovered a judgment in her favor in the Circuit Court of Cook County, Illinois, in the sum of $12,000 and costs against one John Cannaven, as damages arising out of the assault on the plaintiff resulting from Cannaven's sales of intoxicating liquors to intoxicated persons, who were patrons of Cannaven's establishment at 1225 East 63rd Street, Chicago, Illinois; that no part of said judgment has been satisfied;

2. That the plaintiff herein, Mary Gibbons, procured the judgment of the Circuit Court of Cook County, Illinois, which was entered in the case of said plaintiff against John Cannaven by the following means:

(a) upon the trial of said case said plaintiff testified falsely as to the extent to which she was prevented by the injury that was involved in said case, from working and earning money by working, said plaintiff having testified upon said trial to the effect that the period from the occurrence of said injury until she was first able to work and earn money thereafter, she having been incapacitated by said injury from so doing throughout said period, was substantially longer than in truth said period really was, and to the effect that the portion of the period from the occurrence of said injury until the time of the trial of said case, during which portion of said period she was prevented by said injury from working and earning money, was substantially greater than in truth said portion of said period really was.

(b) said plaintiff procured her counsel, upon his argument to the jury at the conclusion of the trial of said case, to substantially misrepresent and overstate, in accordance with false testimony knowingly given by said plaintiff as a witness at said trial, the extent to which said plaintiff had been prevented, by the injury that was involved in said case, from working and earning money by working.

(c) by means of false testimony knowingly given by said plaintiff as a witness as aforesaid, and by means of false argument to the jury of plaintiff's counsel, induced by and in accordance with said false testi-

mony, plaintiff misrepresented to the court and jury in the aforesaid trial that the aforesaid injury to her was substantially greater than in fact said injury really was.

3. That in February, 1942, and after the occurrence of the injury to the plaintiff herein, which injury was involved in the case of said plaintiff against John Cannaven, the judgment in which case is involved in the case now before this court, the building in which said injury was sustained by the plaintiff was so substantially damaged by fire as to lose its identity as the same building in which plaintiff sustained said injury.

4. That John Cannaven was at the time of said assault the lessee of the premises located at 1225 East 63rd Street, Chicago, Illinois, legally described as: The West Half of Lot Two (2) in Block Three(3), in Wait & Bower's Sub of that part of the West Half of the Northeast Quarter lying West of Railroad of Section twenty-three (23), Township Thirty-eight (38) North, Range Fourteen (14) East, of the 3rd Principal Meridian, in Cook County, Illinois, which premises were used exclusively for the sale of alcoholic beverages and intoxicating liquors. The defendants in this action were at the time of said assault and are now the owners of the premises aforesaid so occupied by Cannaven, and knowingly permitted said building on said premises to be so used by said Cannaven for the sale of intoxicating liquors.

5. That the Court is of the opinion that the defendants cannot in this suit be permitted to avail themselves of any defense of false swearing or perjury. There is no charge that Cannaven colluded with Gibbons, and, accordingly, it must be assumed that Cannaven made the best defense which it was possible to make in the action in the Circuit Court of Cook County, and that he presented all the evidence which, with due diligence, could then be procured on the question of the extent of Gibbons' injuries. The question of the extent of Gibbons' injuries was submitted for decision to the Circuit Court of Cook County, and that court made a decision thereon, which this court holds to be binding upon the defendants in this case. The matter is not entirely free from doubt, but it has had thorough consideration and this court cannot make a better resolution of the matter; that the court is of the opinion that it was the purpose of the Legislature to subject the entire premises to the payment of the unpaid portion of any judgment which might be rendered in accordance with the statute, and that the mere fact that the building in which the injuries were sustained has been destroyed and has been replaced by a new structure does not alter the liability of the premises, including the new structure, for the payment of the unpaid portion of the judgment;

6. That such building and premises so used and occupied as aforesaid are liable and should be sold to pay such judgment as aforesaid:

7. That the matters and things alleged in said Complaint are true; and

8. That there is now due the plaintiff the sum of $12,000 as and for said judgment, plus the sum of $2,461.62 for interest thereon, making a total sum of $14,461.62, for which sum plaintiff is entitled to a lien on said premises, to wit: The West Half of Lot Two (2) in Block Three (3) in Wait & Bowers Sub of that part of the West Half of the Northeast Quarter lying West of Railroad of Section, twenty-three (23), Township Thirty-eight (38) North, Range Fourteen (14) East, of the 3rd Principal Meridian, in Cook County, Illinois, commonly known as 1225 East 63rd Street, Chicago, Illinois, in accordance with the statute in such case provided.

It is Therefore Ordered, Adjudged and Decreed that the plaintiff have a lien on said described premises for the amount so found to be due by reason of said judgment as aforesaid, together with costs of this suit, and interest until said judgment is paid at the legal rate; that in the event said sum of money is not paid to said plaintiff, the marshal of this court shall proceed upon a writ of fieri facias issued upon this judgment, and that said marshal shall thereupon proceed to levy upon, advertise, and sell said real estate aforesaid for the payment and satisfaction of said judgment, interest and costs.